52 F.3d 333
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Doris Jean HOKE, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; Todd Shipyards
Corporation, Respondents.
 No. 93-70465.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1994.
Decided April 10, 1995.
 
 Before: BROWNING, GOODWIN, and QUACKENBUSH*, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Doris Jean Hoke appeals from the Benefits Review Board's ("the Board") denial of worker compensation benefits under the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. Sec. 901 et seq. Because the Board's decision that employer Todd Shipyards Co. rebutted the statutory presumption in favor of compensation is not supported by substantial evidence, we reverse and remand.
 
 I.
 
 3
 In the late afternoon of June 2, 1982, Truby Lee Hoke punched out of work at Todd Shipyards, where he was employed as a welder. An hour later, as he was fixing a flat tire on his van parked in the employer's lot a few hundred yards away, unknown persons, for unknown reasons, shot and killed him.
 
 II.
 
 4
 The widowed Mrs. Hoke claimed compensation under the LHWCA, which provides compensation for work-related injuries or death to any person engaged in maritime employment. Compensable injuries are restricted to: "the accidental injury or death arising out of and in the course of employment ... includ[ing] an injury caused by the willful act of a third person directed against an employee because of his employment." 33 U.S.C. Sec. 902(2) (emphasis added). The Supreme Court said in U.S. Ind./Fed. Sheet Metal, Inc. v. Director, OWCP, 455 U.S. 608, 615 (1982), that "arising out of" and "in the course of" are separate elements that refer, respectively, to the cause of the injury and to the time, place and circumstances of the injury.
 
 
 5
 Claimants under LHWCA receive the benefit of the statutory presumption that LHWCA covers claims brought under it. 33 U.S.C. Sec. 920(a). An employer may rebut the presumption with substantial evidence that the injury or death was not related to employment. At the hearing to determine whether Mrs. Hoke was entitled to compensation, the Administrative Law Judge ("ALJ") found that Todd Shipyards had rebutted the presumption that Mr. Hoke's shooting death arose out of and occurred in the course of his employment with Todd Shipyards. The ALJ decided that the shooting did not occur within the space or time boundaries of Mr. Hoke's employment. The ALJ also decided, but without making a definitive finding, that the motive for the shooting had been personal, not employment-related:
 
 
 6
 [T]he exact motive of the assailant or assailants in the case at hand remains unknown, at least, on the instant record. It may be safely assumed, however, that the motive was robbery....
 
 
 7
 Accordingly, the ALJ denied Mrs. Hoke's claim for compensation.
 
 
 8
 On appeal, the Board affirmed the denial. It said it need not consider whether the ALJ correctly determined that the shooting did not occur "in the course" of employment, because it did not "arise out of" employment. The Board said:
 
 
 9
 [a]n injury or death is not compensable if it occurs for purely personal reasons or circumstances unrelated to the employment.... The administrative law judge found there was no indication in the record of the exact motive for the assault and murder, but he credited the police report which stated that robbery was the motive. We affirm this determination, as it is rational and supported by substantial evidence in the record.
 
 
 10
 (Footnote omitted.) This appeal followed.
 
 III.
 
 11
 To this day no one knows who killed Mr. Hoke or why. Although three persons were arrested and two were tried (a third died in prison), both were acquitted. The police report lists "robbery" as the probable motive; Mrs. Hoke testified that the police told her this. At the hearing to determine Mrs. Hoke's eligibility for compensation, the employer's private investigator offered further hearsay evidence that police investigators and prosecutors said the shooting was about drugs or money.
 
 
 12
 The employer had the responsibility to rebut the presumption that the LWHCA covered Mrs. Hoke's claim by providing substantial evidence that Mr. Hoke's death did not arise out of nor occur in the course of his employment there. Because Todd Shipyards offered no admissible evidence that Mr. Hoke was not within the usual and ordinary scope of employment while preparing to leave the worksite, the petition is GRANTED and the case is REMANDED to the Director.
 
 
 
 *
 Honorable Justin L. Quackenbush, Chief, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3